UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | CRIMINAL ACTION NO. H-99-482-1 |
| | § | |
| CLAUDIA C CALDERON; aka CALDERON | § | |

## ORDER DENYING REQUEST TO RUN FEDERAL SENTENCE CONCURRENT WITH STATE SENTENCE

Before the Court is Defendant Claudia C. Calderon's Request To Run Federal Sentence Concurrent With State Sentence. (Doc. 48).

The following time line is established by the Docket Sheet in the above styled and numbered cause of action. On August 6, 1999 Defendant Calderon was arrested by federal authorities and ordered detained on August 10, 1999.[1]  She was indicted in this United States District Court for the Southern District of Texas on August 20, 1999 (Doc. 1).   Calderon was scheduled to appear at an arraignment hearing on September 7, 1999, but the hearing was not held because, as stated in a minute entry on the docket sheet,  "Deft no longer is [sic] US Marshal custody, writ needed.  Def's not [sic] in custody of Dade County, Miami, FL." (Doc. 3)[2] A writ of habeas corpus ad prosequendum was issued on October 12, 1999 (Doc. 4), and Calderon was arraigned on federal charges in Houston, Texas on October 26, 1999. (Doc. 6)

---

[1] The pre-sentence report prepared January 6, 2000 reflects that the Metro-Dade Police Department, Miami Florida had an outstanding warrant for Calderon's arrest issued April 22, 1999. (Doc. 23, at 1 )  At the re-arraignment hearing held January 6, 2000, the federal prosecutor recited as a factual basis for the plea of guilty that Calderon was arrested at Houston Intercontinental Airport on a routine Customs check after arriving on a flight from Bogata, Colombia.  A routine identity check revealed that there was an outstanding arrest warrant for Calderon out of Miami, Florida for armed robbery.  She was detained.  Her belongings were then inventoried, and authorities discovered approximately $130,000 in counterfeit United States currency, for which she was prosecuted and pled guilty on January 6, 2000. Doc. 50 at 15-16

[2] The minute entry should have read, "Defendant is no longer in U S Marshal custody; writ needed.  Defendant now in custody of Dade County, Miami, FL."

After a number of continuances, Calderon's trial was re-set for January 4, 2000. (Doc. 15)  On January 6, 2000 Calderon pled guilty to a violation of 18 U.S.C. Sec. 473, dealing in counterfeit obligations or securities.  (Doc. 19)   She was sentenced on January 10, 2000 to 46 months in the custody of the Bureau of Prisons.   The judgment was signed January 10, 2000.

Exhibits to Calderon's pending motion reflect that on September 26, 2000 she pled guilty before Judge Stanford Blake in Cause Number 99-13533 in Dade County, Florida to one count of "robbery using deadly weapon or firearm."  Doc 48-2, at 1.    Imposition of Defendant's sentence was deferred until June 18, 2002, when she was committed by Judge Leonard E. Glick to the custody of the Florida Department of Corrections for a term of ten years. Doc 48-3 at 2.  In the "Other Provisions" section of the sentencing document, Judge Glick ordered "the Defendant shall be allowed a total of the specified time as credit for time incarcerated prior to imposition of this sentence."  The specified time served is shown as "1034 days."[3]  Doc 48-3 at 4.

Judge Glick also ordered "the composite term of all sentences imposed for the counts specified in this order shall run as indicated with the following:  concurrent with 00-6182."[4]  *Id*.   The transcript of the Dade County sentencing hearing reflects that Judge Glick stated, "The Court will sentence the defendant to the agreed upon sentence per the agreement to ten years state prison as an habitual violent felony offender, but the sentence will run concurrent,

---

[3] The Court takes judicial notice that counting back from June 18, 2002, one thousand thirty-four days, the calendar reveals the date August 19, 1999, which coincides with the date Calderon was transferred back to Dade County from the Southern District of Texas, cf. Doc. 3, referenced above, and Doc 48-3, at 19, which is discussed at pages 3-4 of this Order.  In other words, Calderon was in the custody of Dade County, Florida from August 19, 1999 until her sentence on the Florida case was imposed June 18, 2002.  Her presence in the custody of the federal marshals in the Southern District of Texas from approximately October 16, 1999  until approximately January 10, 2000 was for her prosecution on the federal case, and she was technically in the custody of the State of Florida, for which she received credit on her state sentence.  See the discussion at page 3 of this Order.   See also Judge Stacy's Memorandum and Recommendation, Doc. 31 at 7-8.

[4] This is obviously a typographical error for "00-482."

but not coterminous to the Federal case in Huston [sic], Texas H99-77M.[5] *Id*. at 16.  Judge Glick may have believed that Calderon would, immediately after her state sentencing, be transferred to the Federal Bureau of Prisons to serve her previously imposed federal sentence, but that is not what happened.

On November 15, 2001, while she was in Florida custody, Calderon had filed a "Letter Motion" to mitigate her sentence. (Doc. 27)  The motion was referred to Magistrate Judge Frances H. Stacy for a memorandum and recommendation.  (Doc. 28)  In her motion Calderon asked that her sentence be reduced to time served and stated she would like to commence serving her federal sentence at the same time she is serving her state sentence. (Doc 31 at 3)  Judge Stacy's exhaustive memorandum and recommendation[6] signed March 27, 2002 recommended that the letter motion be denied.  Judge Stacy stated,

> Here, the Bureau of Prisons has made no such designation [that Defendant's federal sentence be served in a state facility], and Calderon, who was produced for her federal sentencing under a writ of habeas corpus ad prosequendum (Document No. 4), is in the custody of the Miami Dade Corrections Department.  Given that she has not been received into custody by the Attorney General, her federal sentence has not commenced, and further cannot be mitigated to time served.

Id. at 8

The Judgment in Calderon's federal case was returned executed on August 13, 2002; it designated the Federal Correctional Institution in Tallahassee, Florida for service of her federal sentence, (Doc. 32) but she was not transferred to the federal facility and remained in the custody of the prison system of the State of Florida.

Attached at Exhibit D to her pending motion (Doc. 48-3 at 18-20) is a print-out from the

---

[5] "H-99-77M" is  the Magistrate Court number for what became Criminal Number H-99-482 (4:99cr482)

[6] The Court adopted Judge Stacy's memorandum and recommendation on December 4, 2006 (Doc. 35).

Federal Bureau of Prisons titled "Sentence Monitoring Computation Data As of 10-01-2009." This document reflects that the computation of her federal sentence began August 14, 2009. Doc 48-3 at 19. It also reflects that Calderon received thirteen days of "jail credit" from August 7, 1999 to August 19, 1999, the time she was in federal custody after her arrest for the federal offense and before she was transferred to Dade County, Florida. The Court calculates that she served her state sentence from August 19, 1999 to August 14, 2009.

Calderon's Motion asks the Court to run her 46 month federal sentence concurrent with this already served state sentence. In her motion Calderon argues, "Because the Federal Court also stated, at sentencing, that the federal sentence shall be concurrent with the state sentence, Petitioner requested a copy of her sentencing transcripts." Doc 48 at 2. The Court has reviewed both the transcripts of the sentencing and the judgment. Docs. 26, 50, 51 There is no indication that the Court addressed the issue of the federal sentence running concurrent with the state court sentence, which had not yet been imposed.

In order to grant Calderon's motion the Court would need to change her sentence. A sentence can be corrected or reduced under Rule 35 of the Federal Rules of Criminal Procedure. Rule 35(a) provides that a sentence "that resulted from arithmetical, technical, or other clear error" may be corrected within 14 days after sentencing. Rule 35(a) is unavailable to Calderon.

Rule 35(b) provides that a sentence may be reduced if the Government files a motion reflecting "a defendant's subsequent substantial assistance in investigating or prosecuting another person." Rule 35(b) is also unavailable to Calderon.

Title 18 U.S.C. Sec. 3582(c) provides that a judge may **not** modify a sentence once it has been imposed except in these circumstances:

> (1) in any case—(A) the court, upon motion of the Director of the Bureau of Prisons, may reduce the term of imprisonment . . .,

>after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that (i) extraordinary and compelling reasons warrant such a reduction; or (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g); and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission; and (B) the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure; and
>
>(2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

None of the provisions of 18 U.S.C. Sec. 3582(c), which allow modification of sentences apply to Calderon because (1) the Director of the Bureau of Prisons has not filed a motion to reduce her sentence;  (2) Rule 35 does not apply, and (3) there has been no lowering by the Sentencing Commission of her guideline sentencing range.  This Court has no authority to change Calderon's sentence to order her federal sentence to run concurrent with a state sentence she has already served.  Accordingly, it is hereby

ORDERED that Claudia C. Calderon's Request To Run Federal Sentence Concurrent With State Sentence. (Doc. 48) is hereby DENIED.

.

SIGNED at Houston, Texas, this 27th day of August, 2010.

                                              MELINDA HARMON
                                  UNITED STATES DISTRICT JUDGE